ZIMMERLING v. HARDING. SAME v. WARBURTON. SAME v. FISCHER.

(Circuit Court, E. D. Pennsylvania. June 23, 1899.)

INTERNAL REVENUE—TAX ON SUGAR REFINERS—ACT OF 1863.

A firm engaged in boiling molasses, by which process the molasses is advanced in value, are "sugar refiners," within the definition of the amended internal revenue act of March 3, 1863 (12 Stat. c. 74), and are subject to the tax thereby imposed on their product.

These were suits to recover internal revenue taxes paid. Heard on points reserved after verdict directed for the plaintiffs, subject to such reserved questions.

T. W. Neill and Ingham & Newitt, for plaintiffs.
James M. Beck, for defendant.

DALLAS, Circuit Judge. These three cases were tried together. The district attorney asked the court to charge as follows:

"(1) The plaintiff's firm of Feltus, Zimmerling & Co. were 'sugar refiners,' within the meaning of the revenue acts of March 3, 1863, June 30, 1864, March

3, 1865, and July 13, 1866, and the verdict must therefore be for the defendant. (2) Even if the plaintiff be entitled to recover the amount of the taxes claimed by him to have been illegally exacted, he is not entitled to interest on the same. (3) Under all the evidence in this case, it appearing that the plaintiff's firm were sugar refiners, within the meaning of the acts of March 3, 1863, June 30, 1864, March 3, 1865, and July 13, 1866, the verdict must be for the defendant."

In compliance with the mutual request of counsel for both parties, these points were reserved, and, subject thereto, the jury were directed to, and did, find a verdict in each case for the plaintiff for an amount which in each instance was agreed upon by counsel. I then expressed the opinion that, inasmuch as the points as framed seemed to involve questions of fact as well as of law, the desired reservation would not be in conformity with law and the practice of the court; but upon the suggestion of counsel that there were really no serious questions of fact involved, and upon their agreeing that the court should find the facts as well as decide the law, I consented to deal with the cases in accordance with that understanding, and have encountered no practical difficulty in doing so.

During the trial the government offered in evidence the record of a certain proceeding in the court of claims, under section 12 of the act of March 3, 1887. I received it pro forma, but postponed making any ruling as to its admissibility until the close of the case, and the course which was subsequently agreed upon and pursued rendered any determination of the matter at the trial unnecessary. I have, however, since reached the conclusion that this record was not admissible, and therefore, as evidence, have not considered it. In so far, however, as it discloses the opinion of the court of claims upon the question of law here involved, it is, of course, entitled to respectful attention; but even this need not be insisted upon, inasmuch as the opinion I am about to express is independently entertained.

The first and third of the points reserved seem to present but one and the same question, and my conclusion upon it renders it unnecessary to pass upon the second point. The substantial subject of contest is as to whether the plaintiffs should be regarded as sugar refiners, under the act of congress of March 3, 1863, by which sugar refiners were required to pay a tax of 1½ per cent. on the gross amount of the sales of all products of their manufactories, and by which it was expressly "provided that every person shall be regarded as a sugar refiner under this act, whose business it is to advance the quality and value of sugar by melting and recrystallization, or by liquoring, claying, or other washing process, or by any other chemical or mechanical means; or who shall advance the quality or value of molasses and concentrated molasses, melado or concentrated melado, by boiling or other process." It would be quite inconsequential to declare the dictionary meaning or the commercial significance of the term "sugar refiner." The statutory definition is conclusive, and, in my opinion, it is clearly inclusive of these plaintiffs. They were admittedly engaged in "boiling" molasses. By doing so, they produced several "products," with the result, as I think, of advancing the quality, and certainly of advancing the value, of the molasses which they

boiled. That a large proportion of this molasses became sugar is not material; for the evidence shows beyond possibility of doubt that, except by resolving it to sugar, neither the quality nor value of molasses could have been advanced by boiling. I have carefully considered the able arguments, oral and printed, which have been submitted for the respective parties; but as they will no doubt be presented to the court of review, to which I am advised the cases will be removed, no useful purpose would be served by here discussing them at length.

In view of the agreement of counsel to which I have referred, the motions for new trial may be disregarded, and the cases be disposed of by directing that judgment shall be entered in each of them for the defendant notwithstanding the verdict; and it is so ordered.